OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 These appeals center on the statutory requirement that a motion to suppress "contain sworn allegations of fact” (CPL 710.60 [1]). In each case, the trial court summarily denied a suppression motion and the Appellate Division affirmed because the motion did not satisfy the statutory requirement, placing before us the legal question of what constitutes factual sufficiency for purposes of a suppression motion.
 

 The issue is best understood by first outlining the governing statute, CPL 710.60. When made before trial, suppression motions must be in writing, state the legal ground of the motion and "contain sworn allegations of fact,” made by defendant or "another person.” The factual allegations may be based upon personal knowledge or information and belief, so long as the sources of information and grounds for belief are stated. The prosecutor may then file an answer admitting or denying the movant’s allegations
 
 (see,
 
 CPL 710.60 [1]).
 

 Based on these papers, the court must decide whether to summarily grant or deny the motion, or conduct a hearing. The motion must be summarily granted if defendant’s papers satisfy the foregoing requirements and the People concede the material factual allegations, or if the People agree not to offer the evidence sought to be suppressed (CPL 710.60 [2]). On the other hand, the motion may be summarily denied if defendant does not allege a proper legal basis for suppression, or (with two exceptions) if the "sworn allegations of fact do not as a matter of law support the ground alleged” (CPL 710.60 [3] [b]).
 

 If the motion is not determined summarily, the court must conduct a hearing and make the necessary findings of fact (CPL 710.60 [4]). And whether or not a hearing was conducted, the court must upon determining the motion set forth its findings of fact, conclusions of law and the reasons for its determination (CPL 710.60 [6]).
 

 The two exceptions to the court’s authority to summarily deny suppression motions for lack of adequate factual allegations relate to motions to suppress statements as involuntarily
 
 *422
 
 made
 
 (Huntley
 
 motions) or an identification stemming from an improper procedure
 
 (Wade)
 
 (CPL 710.60 [3] [b]). Accordingly, the sufficiency of the movant’s factual allegations most often arises on motions to suppress tangible evidence
 
 (Mapp)
 
 or other evidence as the fruit of an unlawful seizure
 
 (Dunaway),
 
 as in the appeals before us.
 

 Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, as will be discussed, we conclude that factual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and defendant’s access to information. We now turn to the facts of the present appeals.
 

 People v Martinez
 

 Defendant was arrested and indicted for various crimes stemming from an alleged sale of drugs. In response to defendant’s demand for a bill of particulars, the prosecutor averred that on October 21, 1990, at approximately 3:15 p.m. at a specified Bronx location, defendant sold cocaine to an undercover officer in exchange for prerecorded "buy money.” Thereafter, according to the bill of particulars, the undercover left and radioed the field team, which responded to the scene about five minutes later. Defendant fled, grabbing and swinging an occupied baby stroller, and was finally arrested after a struggle. A search revealed the buy money and more cocaine, and defendant allegedly stated that he was using the baby as a shield because he feared being shot.
 

 Defendant then filed an omnibus motion seeking, among other things, hearings to suppress the statement and physical evidence. In support of the
 
 Mapp
 
 branch of the motion, defense counsel affirmed, on information and belief:
 

 "7. The accused was in a public place acting in a lawful manner. When he was stopped and searched, the police officers removed pre-recorded buy money and other currency from his person.
 

 "8. There was no reasonable suspicion, at the time of the stop, that the accused had committed, was committing, or was about to commit a crime.
 

 "9. The police officers had no reason to believe that they were legally entitled to stop the accused. The stop was therefore in violation of the accused’s Federal and State Constitutional rights.”
 

 Opposing the
 
 Mapp
 
 hearing, the People argued that defen
 
 *423
 
 dant’s motion was factually deficient as it focused on the "very moment” of arrest but failed to address his activities five minutes earlier, when he allegedly sold drugs. While granting a
 
 Huntley
 
 hearing, Supreme Court summarily denied the
 
 Mapp
 
 motion, explaining that the moving papers failed to set forth any factual issue requiring a hearing.
 

 Defendant was convicted upon a guilty plea and a divided Appellate Division affirmed, holding that defendant’s motion papers "consisted solely of legal conclusions and conclusory allegations” (187 AD2d 310, 310). The dissenting Justice opined that defendant’s papers alleged sufficient facts to require a hearing, and granted defendant leave to appeal to this Court.
 

 Matter of George J.
 

 Respondent, a juvenile, was arrested on March 7, 1990 and charged with acts that, if committed by an adult, would constitute the crime of criminal sale of a controlled substance. Annexed to the juvenile delinquency petition was a supporting deposition of an undercover officer, who stated that at 5:15 p.m. he purchased four vials of crack from respondent. A second supporting deposition, that of the arresting officer, stated that respondent was removed from a nearby community center at about 5:20 p.m. and identified by the undercover officer.
 

 Respondent’s counsel moved to suppress the show-up identification on two theories: that it was suggestive
 
 (Wade)
 
 and as the fruit of an unlawful seizure
 
 (Dunaway).
 
 In connection with the
 
 Dunaway
 
 branch of the motion, the affirmation in support averred that "respondent was stopped while in the Lefrak City housing complex. The respondent denies being involved in any unlawful activity at the time he was seized. The respondent was stopped without reasonable suspicion or probable cause.”
 

 The presentment agency opposed suppression and Family Court entertained oral argument on the motion. After considering the parties’ arguments, the court summarily denied the motion, concluding that "[i]nsufficient evidence has been presented by the respondent to require a suppression hearing on this issue.” Respondent was adjudicated a juvenile delinquent after a fact-finding hearing.
 

 The Appellate Division unanimously affirmed, holding that respondent’s motion stated only conclusory legal grounds for
 
 *424
 
 relief which were not supported by sufficient factual allegations. This Court granted respondent leave to appeal.
 

 People v Coleman
 

 Defendant was arrested on a Manhattan street and indicted for criminal possession of a loaded firearm. The People supplied defendant with a disclosure form indicating that $353 in cash and a gun were obtained from him, and that an identification took place at the scene; a postarrest written statement was annexed in which defendant denied any connection to the gun.
 

 Defendant subsequently moved to suppress the statement, identification and tangible evidence. In support of the
 
 Mapp
 
 motion, defense counsel averred:
 

 "Upon information and belief, based upon conversations with Mr. Coleman, the defendant was not engaged in any criminal activity on August 21, 1990. Nor had he given the police any probable cause to believe that he might be engaged in unlawful behavior. Nevertheless, at about 12:15 a.m., police arrived, threw him against a car, and began to search him. The police contend, and in conversations with affirmant, Mr. Coleman concedes, a quantity of over $300 in cash was seized from his person. The police additionally contend that Mr. Coleman was observed by them to throw down a loaded .22 caliber pistol upon their approach. Although Mr. Coleman denies this allegation, the allegation by the prosecution’s witnesses that the defendant was seen in actual possession of the item is sufficient to confer standing on the defense to challenge the alleged seizure
 
 (People v. Sutton,
 
 91 AD2d 522 [1st Dept. 1983]). Affirmant alleges that if the weapon was discarded by the defendant, this action only occurred as a result of illegal police conduct — that is, the detention and arrest of Mr. Coleman on less than reasonable suspicion that he had committed a crime (See
 
 People v. Howard,
 
 50 NY2d 583). The defense moves to suppress the pistol, as well as the currency found on the defendant’s person, as the fruits of illegal police conduct.”
 

 In their response, the People stated they intended to introduce the gun, but not the money, on their direct case. Oppos
 
 *425
 
 ing suppression of the gun, the People asserted that defendant failed to allege facts warranting suppression, including a showing of standing. Supreme Court summarily denied the
 
 Mapp
 
 motion for lack of standing, but granted defendant leave to renew upon further submissions. The court also granted defendant’s request for
 
 Wade
 
 and
 
 Huntley
 
 hearings. Defendant did not submit additional papers, and subsequently pleaded guilty. A divided Appellate Division affirmed, and a dissenting Justice granted defendant leave to appeal.
 

 People v Mendoza
 

 Defendant, a customer in a Manhattan discount store, was charged with grand larceny and possession of stolen property after a search by a store security guard uncovered a personal stereo and credit cards belonging to another. In a motion to suppress, defense counsel alleged that "[a]t the time of the apprehension, Mr. Mendoza was committing no criminal act apparent to any law enforcement official. He was forcibly stopped and searched by a security guard. This person is either a licensed peace officer or working under the supervision of a licensed peace officer.” In response, the prosecutor stated that "the search of which defendant complains was undertaken by Pernell Robinson, a private person who was not acting as a agent of law enforcement.”
 

 Supreme Court denied suppression on the ground that the People’s response demonstrated that a
 
 Mapp
 
 hearing was unnecessary. Defendant thereafter pleaded guilty and the Appellate Division affirmed, holding that defendant’s "clearly speculative allegation” about the guard’s status did not meet the statutory requirement of sufficient facts in support of a suppression motion (186 AD2d 458, 459). A Judge of this Court granted defendant leave to appeal.
 

 Discussion
 

 CPL article 710 reflects competing policies. The Legislature has determined that defendants should have fair pretrial procedures to address alleged constitutional violations
 
 (compare,
 
 1 LaFave and Israel, Criminal Procedure § 10.1, at 780 [1984] [noting that some jurisdictions do not have procedures for pretrial suppression]), yet hearings are generally "not available merely for the asking”
 
 (People v Gruden,
 
 42 NY2d 214, 217). The requirement that facts be alleged in support of a suppression motion strikes a sensible balance between these
 
 *426
 
 competing policies. How, then, should the requirement be read and applied?
 

 We conclude that the sufficiency of defendant’s factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant’s access to information. Each of these criteria will be more fully discussed below.
 

 (1) Defendant’s Motion Papers
 

 "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue”
 
 (People v Gruden, 42
 
 NY2d, at 215). Courts often struggle, however, with the threshold determination whether assertions in defendant’s motion papers are factual or "merely legal conclusions.” As one practitioner has observed, "[t]he developing case law supplies no easy distinction between the 'conclusory’ and the 'factual.’ ” (Tenenbaum,
 
 As a Matter of Fact It’s a Conclusion,
 
 NYLJ, Aug. 31, 1993, at 1, col 2.)
 

 The extremes, of course, are easy to identify; the difficulty lies in the continuum in between. For instance, the following allegations are plainly factual: "On June 19, 1993, at 3:00 p.m., I was waiting for a bus on the corner of Broadway and 42nd St. when a uniformed police officer approached me stating 'people like you don’t belong in this neighborhood.’ She reached into my jacket pocket and removed a one-inch vial of cocaine.” These allegations provide sufficient factual information which, if uncontested by the People, would warrant summary suppression and enable the motion court to make the required findings of fact in support of its decision (CPL 710.60 [6]). By contrast, the allegation that "on June 19, 1993 my Fourth Amendment rights were violated” is clearly a legal conclusion. The pleading does not assert sufficient facts from which a court could conclude that suppression is appropriate.
 

 More problematic are those pleadings framed in terms of mixed issues of law and fact.
 
 People v Reynolds
 
 (71 NY2d 552, 558) is an example. There, we closely divided on the question whether summary denial of a motion to suppress marihuana —alleged by the People to be in open fields — was proper. The majority held
 
 (id.,
 
 at 558) that it was: "While the affidavit of defendant’s counsel submitted in support of the motion in-
 
 *427
 
 eludes conclusory assertions that the marihuana was found within the 'curtilage’ of the house, not in an 'open field’ but 'hidden in enclosed areas’, it contains no sworn allegations of fact supporting those conclusions
 
 (see,
 
 CPL 710.60 [1]).” The dissent argued that these allegations "can hardly be characterized as conclusory; they are statements of fact which could be established at an evidentiary hearing”
 
 (id.,
 
 at 560 [Hancock, Jr., J., dissenting]).
 

 Whether something is within the curtilage of a home is a mixed question of law and fact
 
 (see, United States v Arboleda,
 
 633 F2d 985, 992 ["Terming a particular area curtilage expresses a conclusion”],
 
 cert denied
 
 450 US 917). Merely alleging that an item is within the curtilage is not informative unless the factual basis for the claim is provided, for example: "the marihuana was growing 25 feet from my front door and was surrounded by a white picket fence.” Only then can a court decide whether there is a factual basis for suppression. Under
 
 Reynolds,
 
 it is incumbent upon the pleader, where possible, to provide objective facts from which the court can make independent factual determinations.
 

 The logic of this requirement is apparent when tested against pleadings drawn in terms of more familiar mixed legal-factual issues, like probable cause or reasonable suspicion
 
 (see, e.g., People v Harrison,
 
 57 NY2d 470, 477-478). An allegation that "I did nothing giving rise to probable cause” is, without more, plainly insufficient because probable cause is a mixed legal-factual issue and the pleading lacks the factual portion of the equation. Unless the pleading on its face sets forth the facts, the court cannot determine whether a hearing is necessary. Indeed, there may be no dispute as to the underlying facts, but only as to application of the law to the facts, in which case the motion could be determined on papers alone.
 

 (2) Defendant’s Motion in Context
 

 Though facially sufficient, a defendant’s factual allegations may be inadequate when read in the context of the case. Conversely, seemingly barebones allegations may, in context, be sufficient to require a hearing. Whether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People’s contentions.
 

 The motion to suppress is not the first document in a prosecution (CPL 710.40 [1]), and indeed is often preceded by
 
 *428
 
 information staking out the People’s position with respect to the circumstances of a search or arrest. For example, defendant may have received a CPL 710.30 notice, a voluntary disclosure form, a bill of particulars or supporting depositions. When defendant is able to specifically deny this information but fails to do so, it may be deemed a concession, which may render a hearing unnecessary
 
 (see, People v Gruden,
 
 42 NY2d, at 218).
 

 Reynolds
 
 again provides guidance. There, we noted that defendant did not "dispute the averments in support of the [search] warrant application that the 'greenhouse’ structure was located 150 feet from the residence on the property and that the marihuana was discovered merely by walking the land. No claim is made that the location and terrain of the area searched is other than is graphically shown in the photographs submitted with the warrant application, and no facts are asserted which would support a finding that the area is in any way related to the intimate activities of the home.” (71 NY2d, at 558.) Thus, defendant’s failure to deny the facts asserted in the search warrant application relating to her home — information which she also had — obviated the need for a hearing to determine those facts
 
 (see also, People v Gruden,
 
 42 NY2d, at 218).
 

 The manner in which context bears on the sufficiency of defendant’s factual averments is readily seen by comparing two typical street-crime situations, the buy-and-bust operation and the "suspicious” defendant. In a buy-and-bust, an undercover officer purchases drugs from a suspect (often paying with prerecorded currency), shortly followed by a search and arrest by backup officers
 
 (see, e.g, People v Wharton,
 
 74 NY2d 921, 922). By contrast, in the course of routine patrol police may pat-down or search citizens based on perceived suspicious or unlawful behavior
 
 (see, e.g., People v Johnson,
 
 64 NY2d 617, 618-619;
 
 People v Carney,
 
 58 NY2d 51, 53-54;
 
 People v Sobotker,
 
 43 NY2d 559, 562-563). In each case, the suppression motion may allege that when the police conducted the search, the defendant was merely standing on the street doing nothing wrong. The identical pleading may be factually sufficient in one context but not the other.
 

 In the buy-and-bust situation, probable cause is generated by the drug transaction, and thus an allegation that defendant was merely standing on the street at the time of arrest does not frame a factual issue for the court’s determination; to do
 
 *429
 
 so defendant must additionally deny participating in the transaction or suggest some other grounds for suppression. But when the police claim that defendant was acting "suspiciously” or "furtively,” defendant could raise a factual issue simply by alleging that he or she was standing on the street doing nothing wrong when the police approached and searched
 
 (compare, e.g., People v Millan,
 
 69 NY2d 514, 521;
 
 People v Rivera,
 
 20 NY2d 669, 670-671). Indeed, frequently there is little else of consequence defendant can say.
 

 (3) Information Available to Defendant
 

 A third factor in determining the sufficiency of a defendant’s factual allegations is the degree to which the pleadings may reasonably be expected to be precise in view of the information available to defendant. The CPL expressly relieves defendant of the burden of pleading facts in support of a motion to suppress identification testimony (CPL 710.60 [3] [b]), likely because in many instances defendant simply does not know the facts surrounding certain pretrial identification procedures, such as photo arrays
 
 (People v Rodriguez,
 
 79 NY2d 445, 452-453). It would be unreasonable to construe the CPL to require precise factual averments when, in parallel circumstances, defendant similarly does not have access to or awareness of the facts necessary to support suppression
 
 (see, People v Landy,
 
 59 NY2d 369, 374;
 
 People v Gruden,
 
 42 NY2d, at 218;
 
 compare, People v Wesley,
 
 73 NY2d 351, 358-359 [CPL 710.60 requires defendant to plead facts demonstrating expectation of privacy: "it is after all the defendant alone who actually knows his or her connection with the searched area”]).
 

 (4) Court’s Discretion to Conduct a Hearing
 

 While technically not part of the test for determining the sufficiency of factual allegations, a fourth consideration bears mention.
 

 The CPL does not mandate summary denial of defendant’s motion even if the factual allegations are deficient
 
 (see,
 
 CPL 710.60 [3] ["The court
 
 may
 
 summarily deny the motion”] [emphasis added]). If the court orders a
 
 Huntley
 
 or
 
 Wade
 
 hearing, and defendant’s
 
 Mapp
 
 motion is grounded in the same facts involving the same police witnesses, the court may deem it appropriate in the exercise of discretion to consider the
 
 Mapp
 
 motion despite a perceived pleading deficiency. Indeed, considerations of judicial economy militate in favor of
 
 *430
 
 this procedure; an appellate court might conclude that summary denial of the
 
 Mapp
 
 motion was improper, requiring the parties and witnesses to reassemble for a new hearing, often months or years later.
 

 In this vein, we note that if neither the People nor the motion court identify a pleading deficiency, an appellate court should generally avoid using such a deficiency as a basis for denying the motion. The People can and often do waive pleading defects
 
 (see, People v Millan,
 
 69 NY2d, at 521;
 
 People v Taylor,
 
 97 AD2d 381, 381), and while such a waiver of course is not binding on the trial court, the Judge also might have, in the exercise of discretion, chosen not to invoke the defect in denying the motion. When an appellate court in the first instance identifies an inadequacy in defendant’s submission, it deprives the movant of the opportunity to seek leave to cure the defect, often a simple matter.
 

 We next apply these principles to the cases before us.
 

 People v Martinez
 

 In this buy-and-bust case, defendant alleged that he was in a public place "acting in a lawful manner”; that there was no "reasonable suspicion” that he committed a crime; and thus the police had no reason to believe they were "legally entitled” to stop him. We conclude that defendant did not raise any factual issues to be resolved at a hearing, and accordingly affirm the summary denial of his motion.
 

 Looking first at the face of defendant’s submission, it is devoid of any factual information as to his activities at the relevant time and is instead drawn in terms of mixed questions of law and fact. Defendant did not specifically deny having sold drugs to the undercover — indeed, the buy money was found on his person — and thus his failure to address the point (a matter about which he had personal knowledge) may be a factor in assessing the sufficiency of his submission.
 

 We reject defendant’s argument that his averment of acting in a "lawful manner” was tantamount to a denial of drug dealing. First, the allegation is nonspecific as to when he was purportedly acting lawfully. Moreover, a bare claim of "lawful” conduct, without more, does not supply the court with any useful information about defendant’s conduct. Defendants could engage in hand-to-hand narcotics transactions yet still plead that they were acting within the law because of an unstated entrapment defense or lack of
 
 mens rea.
 

 
 *431
 
 The context of the motion underscores the inadequacy of defendant’s submission. In a bill of particulars the prosecutor alleged that defendant sold drugs to an undercover officer and was arrested about five minutes later after a chase in which defendant used a baby as a shield. Probable cause was generated upon defendant’s sale of the drugs to the undercover, and thus defendant’s conduct "at the time of the stop” (motion [[ 8) is essentially irrelevant. Although defendant’s participation in the sale — even if expressly admitted — would not foreclose all possible challenges to the subsequent search and arrest, defendant did not identify any issue upon which a hearing was sought. Instead, defendant claimed in the most general terms that his constitutional rights were violated.
 

 Finally, there is no suggestion that defendant’s lack of access to relevant information was an impediment to the motion.
 

 In sum, we conclude the Appellate Division properly affirmed summary denial of the suppression motion.
 

 Matter of George J.
 

 CPL 710.60 applies to suppression motions made in juvenile delinquency proceedings (Family Ct Act § 330.2 [1]). Respondent raises no issues on appeal with respect to summary denial of the
 
 Wade
 
 motion, but claims that summary denial of the motion to suppress the same show-up on a
 
 Dunaway
 
 theory was improper. We disagree.
 

 The allegations in support of the motion stated that "respondent was stopped while in the Lefrak City housing complex. The respondent denies being involved in any unlawful activity at the time he was seized. The respondent was stopped without reasonable suspicion or probable cause.” At oral argument on the motion, counsel again merely alleged that the seizure of defendant was without probable cause.
 

 These allegations are similar to those in
 
 Martinez,
 
 which we concluded were insufficient. The supporting depositions annexed to the juvenile delinquency petition alleged that respondent was arrested in a buy-and-bust operation, yet the suppression motion provides no facts relating to respondent’s conduct, does not specifically deny selling drugs, and instead merely disclaims involvement in "unlawful activity”
 
 at the time of seizure.
 
 For the reasons stated in
 
 Martinez,
 
 we agree with the Appellate Division that these allegations were insufficient to warrant a hearing.
 

 
 *432
 
 While respondent now claims that he could not know the basis for arresting officer’s actions inasmuch he has no access to the radio communications between the officers, that theory as a basis for suppression was never presented to the motion court
 
 (compare, People v Landy,
 
 59 NY2d, at 374) and is thus unpreserved. Moreover, while respondent correctly notes that the presentment agency’s opposition papers did not identify a pleading deficiency, the trial court summarily rejected the motion for lack of evidentiary support — as was its prerogative. Accordingly, the Appellate Division properly based its affirmance on that ground.
 

 People v Coleman
 

 In response to the People’s disclosure that money and a gun were recovered from defendant, he moved to suppress both items. With respect to the money, defendant alleged that the police arrived, threw him against a car, searched him, and seized more than $300 — all without probable cause. The People agreed not to offer the money at trial, thus mandating suppression by operation of law (CPL 710.60 [2]). Accordingly, the only remaining
 
 Mapp
 
 issue related to the gun.
 

 The face of defendant’s motion did not lay out a factual scenario which, if credited, would have warranted suppression, and thus the Appellate Division properly affirmed the summary denial of the motion. By contrast to his allegations regarding the money, defendant did not contend the gun was seized from his person, and indeed he denied all connection to the gun. Nevertheless, he alleged that if he did discard the gun "upon the[ ] approach” of the police officers, this was a result of an unlawful "detention and arrest.”
 

 Of course, the detention and arrest occurred only after relinquishment of the gun, and hence that allegedly illegal police conduct could not serve as a basis for suppression. Accordingly, defendant now asserts on appeal that the gun was discarded as a result of illegal police
 
 pursuit (see, People v Holmes,
 
 81 NY2d 1056, 1057-1058). But defendant never alleged in his motion papers that he was pursued by the police. Thus, defendant’s papers, on their face, do not supply a factual basis for the gun’s suppression.
 

 Nor does the context of the motion aid defendant. Had suppression of the money been at issue it would be a closer question because the People never asserted the basis for the search; consequently, to place in issue the legality of that police conduct defendant could do little more than assert that
 
 *433
 
 he was on the street doing nothing wrong. With regard to the gun, however, defendant did not identify any illegal police conduct that would warrant suppression. Finally, lack of knowledge does not provide an excuse; had defendant been chased by the police, for instance, surely he was in a position to allege that.
 

 People v Mendoza
 

 Defendant, arrested after search by a store security guard, alleged that the man was "either a licensed peace officer or working under the supervision of a licensed peace officer,” while the prosecutor alleged that the search "was undertaken by Pernell Robinson, a private person who was not acting as a[n] agent of law enforcement.” With the pleadings in this posture, defendant’s motion was summarily denied and the Appellate Division affirmed. We remit for a hearing.
 

 "It is settled that an unauthorized search or seizure by private individuals, including store detectives, does not render the evidence inadmissible at subsequent civil or criminal proceedings”
 
 (People v Jones,
 
 47 NY2d 528, 533). The requisite State action, however, may be present if a store detective functions as an agent of law enforcement
 
 (id.)
 
 or is licensed to exercise police powers
 
 (see generally, People v Ray,
 
 65 NY2d 282, 284-287).
 

 Examining defendant’s motion papers, we note that the allegations about the security guard’s status were factual, as opposed to mixed legal-factual or purely legal. Thus, if the People did not dispute defendant’s claim, the motion court would have had sufficient factual basis for finding State action.
 

 Next considering the context of the motion, we observe that while defendant’s papers focused solely on the "time of apprehension”
 
 (compare, People v Martinez, ante; Matter of George J., ante),
 
 the People did not object to the motion on this basis, nor did the trial court or the Appellate Division find a deficiency on that ground, and accordingly we do not consider it
 
 (see, People v Millan,
 
 69 NY2d, at 521). Moreover, it is unclear whether the People had advised defendant of the predicate for the guard’s search, be it personal observations, a customer’s complaint or some other reason.
 

 This is an instance where defendant’s lack of access to information precluded more specific factual allegations. Although the Appellate Division may have been correct in
 
 *434
 
 characterizing as "speculative” defendant’s allegation about the guard’s status — indeed, defendant provided no factual support for his claim — a guard’s licensing status, unlike facts regarding a defendant’s own actions or observations, is not something a defendant could be expected to know and thus allege with particularity. Nor was the allegation farfetched or in bad faith: stores often employ individuals as security guards who are invested with police powers
 
 (see, e.g., People v Ray,
 
 65 NY2d, at 284-285).
 

 The People’s denial of defendant’s allegation did no more than place in issue a fact to be resolved at a hearing. Defendant was not obliged to accept the People’s response, but in these circumstances could "ask the court to put the [People] to [its] proof’
 
 (People v Gruden,
 
 42 NY2d, at 218), to be tested by cross-examination. Thus, the trial court erred in summarily resolving a disputed factual issue.
 

 Defendant does not seek vacatur of the guilty plea at this time, and the People do not oppose defendant’s requested remedy. Accordingly, the case should be remitted to Supreme Court, New York County, for a hearing in connection with defendant’s motion to suppress tangible evidence. If, after that hearing, the court concludes that suppression is appropriate, the guilty plea should be vacated and further proceedings on the indictment should be had as the circumstances may warrant. If the court concludes that suppression is not appropriate, the judgment of conviction should be amended to reflect that result. Defendant’s remaining contention is without merit
 
 (see, People v Walker,
 
 81 NY2d 661).
 

 Accordingly, in
 
 People v Martinez
 
 the order of the Appellate Division should be affirmed; in
 
 Matter of George J.
 
 the order of the Appellate Division should be affirmed, without costs; in
 
 People v Coleman
 
 the order of the Appellate Division should be affirmed; in
 
 People v Mendoza
 
 the order of the Appellate Division should be modified by remitting to Supreme Court, New York County, for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur; Judge Levine taking no part.
 

 In
 
 People v Mendoza:
 
 Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 
 *435
 
 Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 In
 
 People v Martinez
 
 and
 
 People v Coleman:
 
 Order affirmed.
 

 In
 
 Matter of George J.:
 
 Order affirmed, without costs.