■ In the Matter of DAVAN L., a Person Alleged to be a Juvenile Delinquent, Appellant. [657 NYS2d 353]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated January 2, 1996, which, upon a fact-finding order of the same court dated November 16, 1995, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed one year. The appeal brings up for review the fact-finding order dated November 16, 1995, and the denial, without a hearing, of that branch of the appellant's supplemental omnibus motion which was to suppress physical evidence.

Ordered that the order of disposition is affirmed, without costs or disbursements.

It was not an improvident exercise of discretion for the court to deny, without a hearing, that branch of the appellant's supplemental omnibus motion which was to suppress physical evidence (see, People v Mendoza, 82 NY2d 415). The court

properly found that the appellant lacked standing to challenge the police officer's retrieval of the gun from a jacket pocket, since the appellant denied that the jacket belonged to him (*see, People v Ramirez-Portoreal,* 88 NY2d 99).

Viewing the evidence in the light most favorable to the pre-sentment agency (*cf., People v Contes,* 60 NY2d 620; *see, Matter of Derek C.,* 218 AD2d 798), we find that it was legally suf-ficient to support the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be deter-mined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf., People v Gar-afolo,* 44 AD2d 86, 88; *see, Matter of Derek C., supra,* at 798). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evi-dence (*cf.,* CPL 470.15 [5]). Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.