■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN PACHECO, Appellant. [670 NYS2d 135] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment of County Court convicting him upon his plea of guilty to five counts of burglary in the third degree (Penal Law § 140.20) and sentencing him to consecutive terms of incarceration aggregating 11²/₃ to 35 years.

When defendant entered his plea, the court informed him that he would be sentenced to consecutive terms of incarceration of 1 to 3 years on each count unless he failed to appear for sentencing, in which case he would receive the maximum permissible sentence, consecutive terms of 2²/₃ to 7 years on each count. Defendant failed to appear for sentencing. Although the court adjourned sentencing to the following day at the request of defense counsel, defendant again failed to appear. The court then imposed the enhanced sentence in absentia. Defendant was arrested on a bench warrant approximately one month later, when he was found hiding in a furnace at his home.

Defendant contends that the court erred in summarily refusing to suppress his oral and written statements on the ground that they were the product of a warrantless, nonexigent arrest in his home without probable cause (*see, Payton v New York,* 445 US 573, 576; *Dunaway v New York,* 442 US 200). By his plea, however, defendant waived his right to challenge the court's determination of that issue on appeal. In any event, defendant failed to present sufficient factual allegations to warrant a hearing (*see, People v Mendoza,* 82 NY2d 415, 426-427), and the court's refusal to suppress the statements was proper.

We reject the contention of defendant that the sentence is unconstitutional (*see, People v Broadie,* 37 NY2d 100, 125, *cert denied* 423 US 950). While an enhanced sentence is justified based upon defendant's failure to appear for sentencing as

scheduled, we conclude that the sentence imposed here is unduly harsh (*see generally, People v Farrar,* 52 NY2d 302, 305-306). We exercise our discretion in the interest of justice to reduce the sentence to an indeterminate term of incarceration of 1⅓ to 4 years on each count.

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Ringrose, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.