■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOYLE, Appellant. [709 NYS2d 57] —Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression motion and hearing; William Wetzel, J., at jury trial and sentence), rendered September 11, 1997, convicting defendant of robbery in the first degree, robbery in the second degree (two counts) and criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $12\frac{1}{2}$ years, 10 years, 10 years and $3\frac{1}{2}$ to 7 years, unanimously affirmed.

Defendant's *Mapp/Dunaway* motion was properly denied without a hearing since defendant failed to "controvert the specific factual averments as to the circumstances of the crime and his arrest" as stated in the felony complaint, the indictment, the voluntary disclosure form and the People's response to the motion (*People v Suggs*, 268 AD2d 305). In view of the information available to defendant, his conclusory assertion that he had not committed a crime was insufficient to warrant a hearing (*People v Mendoza*, 82 NY2d 415).

Suppression of defendant's statement was properly denied

since the statement was spontaneous and not the result of any police interrogation. After being asked to accompany an officer upstairs in order to talk with him, defendant initially refused but then made an immediate, spontaneous statement before the officer had an opportunity to administer *Miranda* warnings.

The court properly gave a missing witness charge with respect to defendant's "life-long" friend. Defendant failed to substantiate his claim that the witness, if called, would invoke his privilege against self-incrimination (*see, People v Macana*, 84 NY2d 173). The missing witness was not implicated in the crimes charged against defendant, and the evidence established that the only crime as to which the witness's testimony might have been self-incriminating was possession of a small quantity of unrecovered drugs. Contrary to defendant's contention, there is no requirement that the testimony giving rise to a missing witness charge be elicited during direct examination of the party against whom the charge is sought (*see, People v Gonzalez*, 68 NY2d 424).

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Mazzarelli, Lerner, Andrias and Friedman, JJ.