In the Matter of WILLIAM P., Appellant. ERIE COUNTY ATTORNEY, Respondent. [870 NYS2d 664]—

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed the crime of unlawful possession of weapons by persons under 16 (Penal Law § 265.05). That statute expressly provides that "[a] person who violates the provisions of [section 265.05] shall be adjudged a juvenile delinquent." Respondent contends that Family Court erred in refusing to suppress the gun without conducting a hearing because he was illegally searched by the school principal. We reject that contention. A suppression hearing was unnecessary inasmuch as respondent's "allegations on their face 'did not lay out a factual scenario which, if credited, would have warranted suppression' " (*Matter of Elvin G.*, 47 AD3d 527, 527 [2008], quoting *People v Coleman*, 82 NY2d 415, 432 [1993]). According to respondent, the principal confronted him based on information from another student that respondent was in possession of a gun in his book bag. "Under ordinary circumstances, a search of a student by a . . . school official will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating . . . the law" (*New Jersey v T. L. O.*, 469 US 325, 341-342 [1985]) and, here, respondent "did not present a legal basis upon which to challenge the [principal's] conduct" (*Elvin G.*, 47 AD3d at 527-528). Present—Martoche, J.P., Smith, Centra, Green and Pine, JJ.