■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADAMES ACOSTA, Appellant. [887 NYS2d 187]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered December 6, 2007, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Roman, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

The defendant's motion to suppress merchandise recovered from his possession by store security guards was improperly denied without a hearing. The defendant was entitled to a hearing on the purely factual issue of whether or not the security guards were, as he alleged, "peace officers . . . or persons acting as agents of the police" (see People v Mendoza, 82 NY2d 415, 433-434 [1993]). A guard's licensing status is not something a defendant could be expected to know and is, therefore, not something a defendant could be expected to allege with particularity (id. at 434; see People v Green, 33 AD3d 452 [2006]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence.

In light of the foregoing determination, we do not reach the defendant's remaining contention at this time. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.