[908 NYS2d 848]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOSE GONZALEZ, Defendant.

Criminal Court of the City of New York, New York County, September 22, 2010

APPEARANCES OF COUNSEL

*Legal Aid Society* (*Steven Banks* and *Kate Mogulescu* of counsel), for defendant. *Cyrus R. Vance, Jr., District Attorney* (*Christine Payne* of counsel), for plaintiff.

**OPINION OF THE COURT**

FELICIA A. MENNIN, J.

The issue under consideration for the court in this case is whether the act of unlawful solicitation in the subway (Metropolitan Transportation Authority Rules [MTA Rules] [21 NYCRR] § 1050.6 [b] [2]) may adequately be pleaded by alleging a gesture rather than words. The defendant, Jose Gonzalez, has filed an omnibus motion seeking dismissal pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c) as facially insufficient, arguing that the accusatory instrument fails to establish reasonable cause to believe that his described conduct inside the subway station amounted to such unlawful solicitation, and for the other relief addressed below.

## Facial Insufficiency

The factual allegation portion of the self-authenticating complaint reads in pertinent part as follows:

> "Deponent [Police Officer Debra Doonan] states that [on May 12, 2010 at about 14:55 hours] deponent observed defendant standing inside the subway station at the above location [Eighth Avenue and 42d Street, New York County], in front of the turnstiles. Deponent states that defendant panhandled and begged in the above-described area in that deponent observed defendant approached [*sic*] approximately 3 individuals with defendant's open hand outstretched in the direction of said individuals. Deponent further states that deponent is a custodian of the Transit Authority and defendant did not have permission or authority to engage in the above-described conduct."

MTA Rules § 1050.6 (b) provides in relevant part the following:

> "No person, unless duly authorized by the authority shall engage in any commercial activity upon any facility or conveyance. Commercial activities include: . . .
>
> "(2) the solicitation of money or payment for food, goods, services or entertainment. No person shall panhandle or beg upon any facility or conveyance."

The accusatory instrument does not allege that the defendant uttered any words to the three persons whom he approached with outstretched hand in front of subway turnstiles. Begging, however, does not necessarily require the articulation of words. A gesture may communicate an idea just as well as speech depending on the circumstances. A raised, open hand with the palm facing an oncoming person is a universally understood

request that he/she stop. A raised closed fist is a universally understood expression of the actor's willingness to resort to violence. And an outstretched open hand is generally understood to be a request for money. The accusatory instrument does not allege that the defendant held up his palm, but for pleading purposes the holding up of an open hand is enough. The approaching of three separate individuals and the making of such a gesture in front of a subway turnstile gives reasonable cause to believe that the defendant was begging for money.

Although the MTA Rules § 1050.6 (b) anti-begging statute doesn't specifically include any reference to gestures as opposed to words, the Legislature appears to have recognized the power of gesture in the enactment of several penal statutes. For example, a person acting with the specified mens rea is guilty of disorderly conduct if he or she "uses abusive or obscene language, *or makes an obscene gesture.*" (Penal Law § 240.20 [3] [emphasis added].) Some statutes go so far as to criminalize gesture alone. A person is guilty of menacing in the third degree when he or she intends to place or tries to place another person in fear of physical attack by "menace." (Penal Law § 120.15.) The actus reus of menacing in the third degree is "physical menace" (*see Matter of Akheem B.*, 308 AD2d 402, 403 [1st Dept 2003]). The wrongful conduct proscribed in the menacing statute is the making of a gesture that conveys the idea that the actor is threatening physical harm to the observer, even if the actor does not intend to cause such physical harm.

"So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." (*People v Casey*, 95 NY2d 354, 360 [2000].) The pleadings here satisfy *Casey*'s requirements.

Accordingly, the defendant's motion for an order dismissing the accusatory instrument for facial insufficiency is hereby denied.*

---

* The defendant has not raised a free speech challenge to MTA Rules § 1050.6 (b). Such an attack, in any event, would be meritless. Prohibiting the soliciting of business and charitable contributions and begging in the subways and buses does not violate the United States and New York State Constitutions. (*See Young v New York City Tr. Auth.*, 903 F2d 146, 164 [2d Cir 1990]; *People v Schrader*, 162 Misc 2d 789, 802 [Crim Ct, NY County, 1994].)

## Suppression of Statements

The defendant's motion for an order suppressing statements that he allegedly made to law enforcement personnel and which the People intend to offer in evidence is granted to the extent that an evidentiary (*Huntley*) hearing shall be conducted to resolve a factual issue: whether the statements were made involuntarily as defined in CPL 60.45.

The defendant's motion for an order suppressing statements that were obtained from him as the fruit of an unlawful seizure of his person is granted to the extent that an evidentiary (*Dunaway*) hearing shall be conducted. The defendant has laid a proper factual foundation for such an inquiry. (*See People v Mendoza*, 82 NY2d 415, 428-429 [1993].)

## Preclusion of Statements and Impeachment by Prior Convictions and/or Bad Acts

The defendant's motions (1) to preclude use of any other statements he allegedly made to law enforcement personnel, notice of which was not timely given, and (2) to preclude introduction of his prior bad acts in the People's direct case and impeachment of him by alleged prior convictions or bad acts, are referred to the trial court for decision.

## Bill of Particulars

The defendant's motion for an order compelling the People to provide him with a bill of particulars is mooted by the fact that the People have served and filed a voluntary disclosure form, which contains the information sought by him.

## Discovery

As to discovery sought by demand pursuant to CPL 240.20, the People shall comply with the demand as it applies to those items enumerated in CPL 240.20 within 15 days of the date of this order. As to those items sought by the defendant but not enumerated in CPL 240.20, the defendant's motion has failed to set forth with any degree of specificity that the demanded items constitute property which the People intend to introduce at trial. Also, the defendant has failed to show that such property is material to the preparation of a defense and that his request is reasonable. (CPL 240.40.) Therefore, this branch of the motion for discovery is denied.

## Reservation of Rights

The defendant's motion to reserve the right to make further motions is denied. However, upon good cause shown, the court will permit the defendant to make additional motions.

## Reciprocal Discovery

The People's motion to compel limited reciprocal discovery pursuant to CPL 250.20 is granted.