■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD REID, Appellant. [31 NYS3d 477]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression motions; Melissa Jackson, J., at plea and sentencing), rendered March 12, 2014, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly denied defendant's initial suppression motion, in which he claimed that the search of his apartment unlawfully preceded the issuance of a search warrant. This claim was made in a conclusory affirmation by counsel, based on information and belief, and it was refuted by the People's submission of a detective's affidavit demonstrating, with specificity, that the search warrant was issued before the entry into defendant's apartment. In connection with the original motion, defendant did not file a reply or make any attempt to contradict the timeline of events in response to the People's submission. Accordingly, there was no factual dispute warranting a hearing (*see generally People v Mendoza*, 82 NY2d 415 [1993]).

Defendant's remaining suppression claims were never raised before the motion court, and are therefore unpreserved, or were raised in successor counsel's supplemental motions, which the court properly rejected as untimely (*see* CPL 255.20 [1], [3]). We decline to review any of these claims in the interest of justice. As an alternative holding, we reject each of them on the merits.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, concerning counsel's choice of suppression issues (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Accordingly, since defendant has not

made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]), particularly in light of the lack of merit of the unpreserved and untimely arguments. We reject defendant's ineffective assistance claim either as an excuse for untimeliness or lack of preservation, or as a separate basis for ordering new suppression proceedings.

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.