■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATEE BROCKINGTON, Appellant. [65 NYS3d 446]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered April 20, 2015, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Summary denial of defendant's suppression motion was proper. The People provided defendant with detailed information about the predicate for his arrest, including his presence in the driver's seat of a car that had been reported stolen, as well as his other illegal behavior. In response, defendant failed to raise any factual dispute requiring a hearing (*see People v Mendoza*, 82 NY2d 415 [1993]).

On appeal, defendant asserts that the People failed to specify that, before making the arrest, the police knew that the car was stolen. This claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for ordering a hearing. Defendant effectively conceded that the police arrested him on the basis of a stolen car report. In any event, the People specified that defendant's arrest was also based on traffic and marijuana offenses.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.