People v Parker (2018 NY Slip Op 01251)





People v Parker


2018 NY Slip Op 01251


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5784 1955/09

[*1]The People of the State of New York, Respondent,
v
Edward Parker, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Renee A. White, J. at suppression motion; Eduardo Padró, J. at plea and sentencing), rendered July 8, 2015, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
The court properly denied defendant's motion to suppress physical evidence, without granting a hearing, because his motion papers did not raise an issue of fact as to probable cause for his arrest (see People v Mendoza, 82 NY2d 415 [1993]). First, defendant's reference to "state action," by an unspecified person or persons, was too vague and conclusory to raise a factual question regarding whether the security guard who apprehended defendant was functioning as an agent of law enforcement. To the extent that such an assertion was supported by any factual allegations, those allegations did not establish the guard's status as a state actor. Furthermore, defendant's assertion that he was "not engaged in any criminal activity at the time of, or immediately prior to his arrest" did not controvert the specific information that was provided by the People concerning the basis for the arrest. Defendant did not address these allegations or raise a factual dispute requiring a hearing (see e.g. People v Cartwright, 65 AD3d 973 [1st Dept 2009], lv denied 13 NY3d 937 [2010]). In context, it was not even clear what, if any, portion of the events leading up to defendant's arrest was intended to be addressed by the phrase "immediately prior to his arrest."
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK