People v Flanders (2020 NY Slip Op 05600)





People v Flanders


2020 NY Slip Op 05600


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Ind No. 2213/16 Appeal No. 11993 Case No. 2018-4000 

[*1]The People of the State of New York, Respondent,
v
Michael Flanders, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Katherine Kulkarni of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Maxwell Wiley, J. at omnibus motion; Abraham Clott, J. at renewed motion, plea, and sentencing), rendered May 18, 2017, convicting defendant of criminal possession of a forged instrument in the third degree, and sentencing him to three years' probation, held in abeyance, and the matter remanded for a hearing in accordance with this decision.
We conclude that defendant is entitled to a hearing on the factual issue of whether or not the store security guards involved in his detention were licensed to exercise police powers, or acting as agents of the police. We find no meaningful distinction between the record here and the record that led the court in People v Mendoza (82 NY2d 415, 425, 433—434 [1993]) to grant the defendant such a hearing (see People v Green, 33 AD3d 452 [1st Dept 2006]). Contrary to the People's contention, at the time of his initial motion, defendant did not have access to any information that could have aided him in further investigation of the security guards' licensing status (compare e.g. People v Robertson, 167 AD3d 451 [1st Dept 2018], lv denied 33 NY3d 953 [2019]). Because the hearing should have been granted on the initial motion, we need not reach the propriety of the denial of the renewed motion. We note that the renewed motion has not resolved the factual issue of whether the security guards were state actors.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020