People v Guichard (2021 NY Slip Op 04030)





People v Guichard


2021 NY Slip Op 04030


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-05062
 (Ind. No. 1930/17)

[*1]The People of the State of New York, respondent,
v
Donald Guichard, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello, Marion Tang, and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Philip Goglas, J.), rendered April 12, 2019, convicting him of criminal sale of marijuana in the first degree, criminal possession of marijuana in the second degree, and criminal possession of a weapon in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing (Mark D. Cohen, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On September 14, 2017, a federal warrant was obtained to search a package that the defendant had delivered to a post office in Shirley on September 12, 2017. The package contained approximately two pounds of marijuana. A subsequent search of the defendant's home, conducted pursuant to a second search warrant issued by a Justice of the New York State Supreme Court, led to the recovery of weapons.
The defendant made an omnibus motion, inter alia, to suppress the drugs found in the package as well as the weapons subsequently recovered from the defendant's home. The defendant's motion papers alleged, in relevant part, that the package was illegally searched by the Suffolk County Sheriff's Office on September 12, 2017—two days before the federal search warrant was issued. The allegation was based on a sworn "deposition in support of drug charge" (hereinafter the deposition) signed by an investigator of the Suffolk County Sheriff's Office. According to the defendant, the deposition showed that a field test was performed on the contents of the package on September 12, 2017. The defendant's motion papers also included, as exhibits, an affidavit from a different investigator of the Suffolk County Sheriff's Office, stating that the field test on the contents of the package was performed on September 14, 2017, as well as an affidavit from a United States Postal Inspector stating, in relevant part, that the package remained in the custody of the United States Postal Inspection Service from September 12, 2017, when it was pulled from the mail stream, until September 14, 2017, when the application for a federal search warrant was made.
The People opposed the motion, contending that the deposition relied upon by the defendant contained a typographical error with respect to the date of the field test, and that other [*2]record evidence established that the package was not searched until after the federal warrant was issued on September 14, 2017. The County Court denied the defendant's motion without a hearing.
The factual sufficiency necessary to obtain a hearing on a motion to suppress "should be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (People v Mendoza , 82 NY2d 415, 422). "Whether a defendant has raised factual issues requiring a hearing can only be determined with reference to the People's contentions" (id. at 427).
Under the circumstances presented, including the totality of the record evidence and the People's contentions in opposition to the defendant's motion, the County Court providently exercised its discretion in summarily denying that branch of the defendant's omnibus motion which was to suppress physical evidence (see CPL 710.60[3]).
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court