People v Gomes (2023 NY Slip Op 02187)

People v Gomes

2023 NY Slip Op 02187

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Ind No. 4184/16 Appeal No. 128 Case No. 2018-3550 

[*1]The People of the State of New York, Respondent,
v
Jermaine Gomes, Defendant-Appellant.

Twlya Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew H. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered May 17, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the first degree, and sentencing him to four years probation, unanimously affirmed.
The court properly denied defendant's motion to suppress physical evidence, without granting a Mapp hearing. In view of the information available to defendant, his conclusory assertions of innocent conduct at the time of the search and seizure, and general lack of probable cause, were insufficient to warrant a hearing (see People v Mendoza , 82 NY2d 415, 422 [1993]). The felony complaint, the voluntary disclosure form and the People's statements on the record at arraignment specified that defendant was initially arrested for criminal trespass and explained in detail why security personnel excluded defendant from a hospital. In his moving papers, defendant neither denied trespassing nor asserted any other specific basis for challenging his arrest and the ensuing search, which yielded counterfeit money (see People v Jones , 95 NY2d 721, 728-729 [2001]). For the first time on appeal, defendant offers several new grounds for suppression, and claims he lacked sufficient information upon which to pursue them. These arguments are unpreserved (see Mendoza , 82 NY2d at 432), and we decline to review them in the interest of justice. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023