People v Dunbar (2023 NY Slip Op 06448)

People v Dunbar

2023 NY Slip Op 06448

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Ind. No. 3655/16 Appeal No. 1202 Case No. 2018-311 

[*1]The People of the State of New York, Respondent,
v
Donisha Dunbar, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliott of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered April 11, 2017, convicting defendant, upon her plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing her to four years' probation, unanimously affirmed.
Defendant made a valid waiver of her right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 140 S Ct 2634 [2020]), which forecloses review of her claim that the court improperly summarily denied her motion for a hearing to determine whether the search warrant was properly executed. The combination of the court's oral colloquy with defendant, and the written waiver that defendant signed after consultation with counsel, established that defendant had been adequately apprised of the nature of the appellate rights being waived, and that those rights were waived knowingly, intelligently, and voluntarily.
Regardless of whether defendant made a valid appeal waiver, her claim that she was entitled to a hearing had been forfeited and abandoned, and we decline to address it in the interest of justice. The court did not rule on the request for a hearing, and defendant pleaded guilty without seeking clarification or bringing the oversight to the court's attention (see People v Williams, 215 AD3d 431 [1st Dept 2023]; People v Rodriguez, 33 AD3d 401, 402 [1st Dept 2006], lv denied 7 NY3d 904 [2006]). As an alternative holding, we find that, even assuming the court's decision constituted a denial of defendant's motion, summary denial was appropriate because defendant did not present any factual allegations sufficient to warrant a hearing (see People v Mendoza, 82 NY2d 415 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023