People v McClaughlin (2025 NY Slip Op 01066)

People v McClaughlin

2025 NY Slip Op 01066

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, O'Neill Levy, JJ. 

Ind. No. 1492/19|Appeal No. 3761|Case No. 2021-04224|

[*1]The People of the State of New York, Respondent,
v
Karim McClaughlin, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Clara Hammond-Oakley of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John Carter, J., at suppression hearing; Laurence Busching, J., at plea and sentencing), rendered November 5, 2021, convicting defendant of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant's voluntary waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 598 US __, 140 S Ct 2634 [2020]) forecloses his arguments that the court erred in summarily denying his application for a Dunaway hearing and in denying suppression of one videotaped statement he made to a police detective and another he made to an assistant district attorney.
As alternative holdings, we find that the court properly denied the Dunaway application without a hearing because defendant's boilerplate allegations did not "raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (People v Mendoza, 82 NY2d 415, 426 [1993]), and that defendant's statement to the detective was properly admitted because defendant validly waived his Miranda rights before making the statement.
Finally, while we agree with defendant that his statement to the assistant district attorney should have been suppressed because he unequivocally invoked his right to counsel before making the statement (see People v Porter, 9 NY3d 966 [2007]; People v Roman, 175 AD3d 1198 [1st Dept. 2019], lv denied 34 NY3d 1081 [2019]), that error is harmless beyond a reasonable doubt in light of the overwhelming evidence, including DNA evidence and defendant's incriminating first statement. There is no reasonable possibility that the error contributed to defendant's decision to plead guilty (see People v Robles, __ NY3d __, 2024 NY Slip Op 05819, *2 [2024]; People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025