People v Schaffer (2025 NY Slip Op 51803(U))

[*1]

People v Schaffer

2025 NY Slip Op 51803(U)

Decided on November 14, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 14, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Michael Schaffer, Defendant.

CR-013900-25NY

Alvin L. Bragg, Jr., District Attorney, New York County (Geremia Adamo of counsel), for plaintiff. 
New York County Defender Service, New York City (Anthony Curry of counsel), for defendant. 

Ilona B. Coleman, J.

In his omnibus motion, Mr. Schaffer moves for an order directing the People to comply with a request for a bill of particulars; precluding the People from introducing evidence of prior bad acts at trial; and suppressing identification testimony at trial related to both a prior, out-of-court identification and a first-time, in-court identification (United States v Wade, 388 US 218 [1967]; Dunaway v New York, 422 US 200 [1979]; People v Mendoza, 82 NY2d 415, 433 [1993]; People v Perdue, 41 NY3d 245 [2023]). 
First, the motion for a bill of particulars is denied. The People filed a bill of particulars as part of their automatic disclosure form. That document and the accusatory instrument contain all the information that has been demanded is authorized in a bill of particulars (CPL 200.95 [5]).
Next, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]).
Finally, the motion to suppress identification testimony is granted to the extent that a combined Wadei>/Dunaway and state action hearing will be conducted before trial. The parties' allegations create factual disputes that must be resolved at an evidentiary hearing (see CPL 710.60 [4]). The defendant's motion to suppress a first-time in-court identification is denied because the People's ostensible Perdue notice refers to the same witness whose identification was the subject of their CPL § 710.30 (1) (b) notice.
This constitutes the decision and order of the court.
Dated: November 14, 2025
New York, NY
Ilona B. Coleman, J.C.C.