OPINION OF THE COURT
 

 Levine, J.
 

 Defendant was charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) based upon allegations that, on November 7, 1996, he sold cocaine to an undercover police officer.
 

 Prior to trial, defendant moved to suppress the physical evidence resulting from his arrest, including allegedly prerecorded “buy money” seized from his person. In support of the motion, defense counsel affirmed, on information and belief, that defendant was not engaged in any criminal activity at the time of the arrest that would establish independent grounds to stop him. In addition, defense counsel averred that, based on a review of the felony complaint and other documents, defendant appeared to have been arrested pursuant to a “buy and bust” operation, and noted that such operations usually involve a radio call from an undercover purchasing officer to a back-up
 
 *724
 
 team that includes a description of the alleged seller. That description is then used by the back-up team to identify and detain the seller. Defendant’s motion to suppress essentially challenged the sufficiency of the description given by the undercover officer to the back-up team.
 

 At the outset, the affidavit submitted by defense counsel set forth that any description relied upon in order to identify and arrest defendant was not disclosed to him. Nonetheless, the affidavit alluded to two alleged deficiencies with respect to the description and contended that the police thus lacked probable cause to arrest defendant. Specifically, the affidavit pointed out that defendant may not have matched the description radioed by the undercover to the arresting officer, but was arrested and searched nonetheless in violation of
 
 People v Dodt
 
 (61 NY2d 408, 415). The affidavit also alleged that the description could have been so generalized as to cover not only defendant, but also others present at the time and scene of the arrest, citing
 
 People v Skrine
 
 (125 AD2d 507, 508).
 

 The People answered and opposed the motion on the ground that defendant did not deny engaging in any criminal activity at any time prior to his arrest, noting that defendant focused instead on his appearance and actions at the time
 
 immediately
 
 preceding his arrest. The People asserted that a member of the back-up team, Officer Salerno, had received information concerning the drug transaction, accompanied by a description of the seller. The People further averred that Officer Salerno had probable cause to make the arrest based upon his observations of defendant — specifically that he matched the description communicated by the undercover.
 
 [1]
 
 No such description, however, was set forth in the People’s opposing papers.
 

 The suppression court summarily denied defendant’s motion on the ground that “defendant ha[d] failed to controvert specifically, the acts which the People allege he committed, and which, if true, would constitute probable cause for his arrest.” Defendant was thereafter convicted, after a jury trial, and sentenced as a predicate felon to an indeterminate term of 8 to 16 years.
 

 
 *725
 
 The Appellate Division affirmed. On appeal, the Appellate Division upheld the summary denial of the motion to suppress on the ground that defendant’s “allegations were factually insufficient to support his claim that the police lacked probable cause to arrest him” (270 AD2d 500, 501). A Judge of this Court granted leave to appeal.
 

 DISCUSSION
 

 CPL 710.60 (1) requires that a suppression motion be in writing, state the legal ground upon which it is based and “contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds.” The required factual allegations may be based upon information and belief, provided that the source of information and grounds of such belief are set forth in the motion (CPL 710.60 [1]). The court must then decide, based upon the motion papers submitted by both parties, whether to summarily grant or deny the motion, or conduct a suppression hearing
 
 (see, People v Mendoza,
 
 82 NY2d 415). The court may, with two exceptions not applicable here,
 
 [2]
 
 summarily deny a motion to suppress if “[t]he sworn allegations of fact do not as a matter of law support the ground alleged” (CPL 710.60 [3] [b];
 
 see,
 
 Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.60, at 278 [noting the necessity in most cases to include factual allegations which, as a matter of law, support the ground alleged in order to “cross the threshold for a hearing”]).
 

 In
 
 People v Mendoza
 
 and its companion cases (82 NY2d 415,
 
 supra),
 
 this Court comprehensively addressed the requirements of CPL 710.60 regarding the sufficiency of factual allegations in a suppression motion to entitle a defendant to a hearing. There the Court held:
 

 “the sufficiency of defendant’s factual allegations should be evaluated by (1) the face of the pleadings, (2) assessed in conjunction with the context of the motion, and (3) defendant’s access to information”
 
 (id.,
 
 at 426).
 

 Two of the cases decided with
 
 Mendoza
 
 were buy and bust cases
 
 (People v Martinez; Matter of George J.)
 
 and, accordingly, are especially instructive in resolving the issue presented here. In those cases, the only facts alleged on the suppression mo
 
 *726
 
 tions were that each defendant was not engaged in any criminal conduct at the time of the arrest. Otherwise, each defendant merely claimed in a conclusory fashion either that his constitutional rights had been violated or that his arrest was without probable cause. We first noted that conclusory allegations of a general constitutional violation or lack of probable cause are of no avail in meeting the statutory requirements for entitlement to a hearing
 
 (see, id.,
 
 at 431 [conclusory allegations that defendant “was stopped without reasonable suspicion or probable cause” were insufficient]).
 

 Moreover, in the context of a buy and bust arrest, factual allegations of innocent conduct at the time of the arrest do not mandate a hearing. In the typical buy and bust situation, probable cause is “generated by the drug transaction”; therefore, “an allegation that defendant was merely standing on the street at the time of arrest does not frame a factual issue for the court’s determination”
 
 (id.,
 
 at 428;
 
 see, id.,
 
 at 431 [“Probable cause was generated upon defendant’s sale of the drugs to the undercover, and thus defendant’s conduct ‘at the time of the stop’ * * * is essentially irrelevant”]). Thus, as the movants’ only factual allegations in
 
 Martinez
 
 and
 
 George J.
 
 related exclusively to their innocent conduct at the time of the arrests, this Court affirmed the motion courts’ summary denials of their respective suppression motions.
 

 People v Mendoza
 
 is also instructive on whether a denial of participation in the sale in a buy and bust situation is essential to establish entitlement to a hearing. Thus, after holding that, in that particular context, a claim of innocent conduct at the time of the arrest is unavailing, the Court went on to state, as a general proposition, that a defendant is required to raise a factual challenge to the legality of the arrest and seizure of evidence in either of two ways. A defendant must either “deny participating in the transaction
 
 or suggest some other grounds for suppression” (id.,
 
 at 429 [emphasis supplied]). In
 
 Martinez,
 
 the Court explicitly recognized that, even with a concession of involvement in criminal activity on the motion, a defendant could still raise a sufficient factual basis to challenge the legality of an arrest to merit a hearing. The Court clearly contemplated instances where a defendant could challenge an arrest and subsequent search independent from a general denial of criminal culpability:
 

 “Although defendant’s
 
 participation in the
 
 sale—
 
 even if expressly admitted
 
 — would
 
 not foreclose all
 
 
 *727
 

 possible challenges to the subsequent search and arrest,
 
 defendant did not identify any issue upon which a hearing was sought. Instead, defendant claimed in the most general terms that his constitutional rights were violated”
 
 (id.,
 
 at 431 [emphasis supplied]).
 

 In this case, unlike in
 
 People v Martinez
 
 and
 
 Matter of George J.,
 
 in addition to averring that his activity at the time of arrest was noncriminal — which, under the holding of those cases, would be insufficient to raise an issue of material fact— defendant alluded in his suppression motion to facts pertinent to whether probable cause otherwise existed for his arrest. Specifically, he asserted in his motion that his arrest was arguably without probable cause because the description radioed by the undercover purchasing officer to the back-up team either (1) did not fit defendant’s own physical description or (2) failed to exclude other possible persons present at the scene and time of the arrest who also might have fit an overly generalized description. Thus, so long as the alleged deficiencies in the description would be sufficient to suppress, the grounds asserted by defendant satisfy Mendoza’s alternative requirements of statements of fact for entitlement to a hearing on the motion, that the movant “must additionally deny participating in the transaction
 
 or suggest some other grounds for suppression” (id.,
 
 at 429 [emphasis supplied]).
 

 Deficiencies in the description furnished to an arresting officer may provide the basis for suppression. In
 
 People v Dodt
 
 (61 NY2d 408,
 
 supra),
 
 this Court held that, when presented with a warrantless arrest based upon a teletype description of the suspect, a “reviewing court must be supplied with the description upon which the police acted and sufficient evidence to make its own independent determination of whether the person arrested * * * reasonably fit that description” and thus constituted probable cause
 
 (id.,
 
 at 415). Here, of course, the arrest was based on the undercover’s radio communication to a fellow officer. The theory for suppression in this case was not that the
 
 undercover officer
 
 would not have had probable cause to arrest defendant
 
 (see, People v Ketcham,
 
 93 NY2d 416, 420-421). Rather, the motion challenged whether the undercover adequately described defendant to meet constitutional and statutory standards in directing the arrest by another officer. As pointed out in
 
 Dodt,
 
 had the arrest been made upon a warrant applied for by the undercover, it would have required a “ ‘description by which he [could] be identified with reasonable
 
 *728
 
 certainty’ (CPL 120.10, subd 2)”
 
 (id.,
 
 at 415;
 
 see also,
 
 US Const 4th Amend). The same requirement must be met in a warrant-less arrest when a person is seized pursuant to a communication to the arresting officer
 
 (see, id.).
 
 Since, under
 
 Dodt,
 
 it is clearly possible to establish the unlawfulness of an arrest based solely upon the inadequacy of a description transmitted to the arresting officer, by a parity of reasoning it must also be possible for defendant here to challenge successfully the sufficiency of the description upon which he was detained and arrested without also denying participation in the sale. For the foregoing reasons, we conclude that the motion court erred in holding that the defendant’s failure in this case specifically to deny his role in the drug sale justified summary denial of his application.
 

 Nevertheless, we must still determine whether defendant’s factual allegations were sufficient to trigger the need for a suppression hearing under these circumstances. Defendant’s failure to set forth more specific or extensive factual allegations implicates the third
 
 Mendoza
 
 factor — defendant’s access (or lack thereof) to the necessary relevant information.
 

 In this case, there had been no disclosure on the part of the People, by either voluntary discovery or otherwise, of the description radioed by the purchasing officer to the arresting officer. Because “[i]t would be unreasonable to construe the CPL to require precise factual averments when * * * defendant * * * does not have access to or awareness of the facts necessary to support suppression”
 
 (People v Mendoza, supra,
 
 82 NY2d, at 429), the absence of any factual allegations with respect to the description conveyed to the arresting officer cannot be held against defendant.
 
 [3]
 
 Importantly, the motion to suppress in this case expressly noted defendant’s lack of access to the very description that served as the basis for probable cause to arrest him as the seller of the drugs, and defendant specifically asserted that the lack of disclosure of the radioed description explained his inability to allege more specific facts
 
 (cf., People v Mendoza [Martinez], supra,
 
 82 NY2d, at 431 [noting that there was “no suggestion that defendant’s lack of access to relevant information was an impediment to the motion”];
 
 People v Mendoza [Matter of George J.], supra,
 
 at 432 [argument that defendant could not know basis for arresting officer’s actions
 
 *729
 
 unpreserved because it was never presented to the motion court]).
 

 Here, defendant could not be required to allege facts about which he had no knowledge. That does not, however, relieve him of the burden to supply the motion court with any relevant facts he did possess for the court’s consideration on the suppression motion once the People disclosed the communicated description. Defendant did have the capacity to submit some factual averments pertinent to both of the alternative grounds upon which he challenged probable cause to arrest him.
 

 In connection with his assertion that he might not have fit the radioed description, it was obviously within his ability to provide a description of his own appearance at the time of the arrest — a description that would enable the court to engage in the
 
 Dodt
 
 comparison essential in determining whether the arresting officer had probable cause, after disclosure of the description radioed to the arresting officer. Similarly, with respect to his allegation that the radioed description was perhaps too generalized, and thus would not have excluded others at the scene, defendant should have submitted facts as to the presence and general description of such other persons in the vicinity at the time of the arrest. Requiring a defendant under these circumstances to include in the initial motion papers allegations of those pertinent facts to which he or she has access comports with the statutory framework placing the burden on a defendant in a suppression motion to set forth factual averments which, if established, would justify suppression (CPL 710.60 [1], [3] [b]).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed.
 

 [1]
 

 . The People contend in their brief that probable cause to arrest defendant was established by the confirmatory identification
 
 after
 
 Officer Salerno had stopped, but before he arrested, defendant. Although this contention was mentioned briefly in papers submitted to the Appellate Division, it was not raised in the People’s initial answer opposing the motion to suppress physical evidence. Instead, it was only referenced in the People’s answer in connection with the motion to suppress identification testimony. Thus, it is not preserved for this Court’s review.
 

 [2]
 

 . Sworn allegations of fact are not required in motions for suppression of either involuntarily made statements or identification testimony resulting from improper procedures (CPL 710.60 [3] [b]; CPL 710.20 [3], [6]).
 

 [3]
 

 . It is worth noting that suppression motions would be more expeditiously handled if the People were to disclose the description outright to a defendant within the time in which a motion to suppress must be made.