■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL CALISE, Appellant. [730 NYS2d 226] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., on motions; Denis Boyle, J., at jury trial and sentence), rendered November 8, 1999, convicting defendant of criminal possession of a forged instrument in the third degree (seven counts), possession of burglar's tools (two counts), and unlawful possession of radio devices, and sentencing him to nine concurrent terms of one year and a term of time served, unanimously affirmed.

The motion court's disposition of defendant's motion to suppress physical evidence was proper. In connection with defendant's motion to suppress evidence obtained during the execution of a search warrant, various issues relating to the validity of the warrant were extensively litigated. The motion court properly denied defendant's request for a further evidentiary hearing concerning additional issues. Defendant's moving papers were devoid of factual allegations to support his present claim that the seizure of certain items not listed in the warrant failed to meet the requirements of the plain view doctrine (*see*, *People v Diaz*, 81 NY2d 106, 110). Under the circumstances, defendant was required "to include in the initial motion papers allegations of those pertinent facts to which he * * * ha[d] access." (*People v Jones*, 95 NY2d 721, 729.)

Defendant's challenges to the sufficiency of the evidence are unpreserved and we decline to review them in the interest of

justice. Were we to review these claims, we would find that the evidence established defendant's knowledge that the vehicle identification numbers found in his apartment were forged as well as his larcenous intent to use the other devices (*see, People v Johnson*, 65 NY2d 556). Concur—Rubin, J. P., Saxe, Buckley, Friedman and Marlow, JJ.