■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK FREEMAN, Appellant. [769 NYS2d 529]—

Judgment, Supreme Court, Bronx County (Edward Davidowitz, J., on motion; Norma Ruiz, J., at jury trial and sentence), rendered October 2, 2000, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility and identification, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The motion court properly denied the pretrial suppression motion made by defense counsel. That motion simply made an unavailing challenge to the undercover officer's identification of defendant as unduly suggestive (*see People v Wharton*, 74 NY2d 921 [1989]), and did not state any Fourth Amendment claim, including any claim under *Payton v New York* (445 US 573 [1980]). Thus, the court did not address any issue as to the legality of defendant's arrest since none was raised by the motion. While defendant did make a pro se motion advancing a Fourth Amendment claim, he abandoned that motion (*see People v Graves*, 85 NY2d 1024, 1027 [1995]). In any event, defendant's allegations were insufficient, in light of his access to relevant information, to raise a factual issue warranting a hearing (*see People v Jones*, 95 NY2d 721, 728-729 [2001]).

Defendant's contentions concerning an alleged identification by the arresting officer in this buy-and-bust case are without merit. The record clearly establishes that the arresting officer never "previously identified" defendant within the meaning of CPL 710.30 (1) (b).

The trial court properly exercised its discretion in denying defendant's request for a suppression hearing, made on the basis of trial testimony (see CPL 710.40 [2], [4]). There was nothing to prevent defendant from making a proper pretrial motion. In any event, the trial evidence did not reveal any viable Fourth Amendment issue.

The court properly exercised its discretion in denying defendant's mistrial motion based on portions of the prosecutor's summation. While the challenged remarks were better left unsaid, these isolated portions of the summation were not so egregious as to deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Sullivan, JJ.