■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS LOPEZ, Appellant. [789 NYS2d 1]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered August 3, 2000, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him to a term of seven years, affirmed.

The court properly denied the *Mapp/Dunaway* portion of defendant's suppression motion without a hearing since defendant's papers did not raise an issue of fact as to probable cause for his arrest (*see People v Mendoza*, 82 NY2d 415 [1993]). Defendant's assertions of innocent conduct at the time of his arrest did not controvert the specific information that was provided by the People concerning the basis for that arrest, as stated in the felony complaint, the indictment, and the voluntary disclosure form (VDF), and did not assert any other basis for suppression (*see People v Jones*, 95 NY2d 721 [2001]). In any event, there is no indication that there was any viable Fourth Amendment issue.

The dissent argues that the reasoning of *Mendoza* and *Jones*, which primarily involve buy-and-bust operations, is not applicable to the instant case, in which the three street and subway robberies of which defendant is accused occurred at earlier points in time and in locations different from the place of his arrest. However, the robberies were not so remote from the ar-

rest in time and location as to fail to provide "information staking out the People's position with respect to the circumstances of a search or arrest" (*Mendoza*, 82 NY2d at 428). Indeed, the VDF indicates that the third robbery occurred at 3:20 A.M. on the northbound N train between the Cortland and Canal Street stations; defendant was arrested at 3:23 A.M. in the Canal Street station, i.e., three minutes later at the next stop. In the circumstances, defendant's allegedly lawful conduct at the time of his arrest is "essentially irrelevant" (*id.* at 431), and his failure to submit "any factual information as to his activities at the relevant time" (*id.* at 430) cannot be attributed to his not knowing, as the dissent suggests he should have been informed, whether he was identified by the police or by one or more of the victims.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Ellerin and Catterson, JJ.

Andrias and Saxe, JJ., dissent in a memorandum by Andrias J., as follows: I would hold defendant's appeal in abeyance pending a remittal to hold a *Dunaway/Mapp* hearing upon defendant's motion to suppress identification testimony, a statement he made after his arrest, certain physical evidence seized from his person after his arrest, and a gun found nearby that he allegedly threw down before he was seized.

The reasoning of *People v Mendoza* (82 NY2d 415 [1993]) and *People v Jones* (95 NY2d 721 [2001]), primarily involving typical street-level buy-and-bust operations, is not applicable to this case. *Mendoza* concedes as much: "The identical pleading may be factually sufficient in one context but not the other" (*Mendoza* at 428). The reasoning of *Mendoza* and *Jones* flows logically from the close proximity in time and place of the alleged sales and arrests. In that context, a conclusory statement of not being engaged in criminal conduct when arrested is logically insufficient to warrant a hearing which would necessarily implicate the immediately preceding sale. Here, on the other hand, to deny a hearing in the "context" of three street and subway robberies at earlier points in time and in locations different from the place of defendant's arrest would convert his pretrial suppression motion into a mini-trial, involving the ultimate issue of guilt or innocence, which is the province of the trier of fact.

While "[i]t is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Gruden*, 42 NY2d 214, 215 [1977]), here, in addition to denying his guilt in the robberies by pleading not guilty at arraignment, defendant's

motion papers assert more. In support of his *Dunaway/Mapp* motion to suppress, defendant, through his attorney, alleged that the police lacked probable cause to arrest him because: "[A]t approximately 3:20 a.m. on September 20, 1999, in the proximity of Canal Street 'NR' Station, immediately prior to and at the time of the unlawful police approach, intrusion, chase and seizure of Mr. Lopez, Mr. Elvis Lopez was not engaged in any apparent or overt criminal conduct. He was merely riding the subway, and there was no gun, ammunition, or other contraband in plain view. His clothing showed no signs of a bulge or outline consistent with possession of a weapon (source: Mr. Lopez). By all appearances, he was simply a passenger on the subway—conduct wholly innocuous and consistent with lawful behavior. His behavior did not justify police officers pursuing him on foot, nor did it justify any police inquiry or greater level of intrusion and search of his person."

In response, the People, relying upon *People v Mendoza* (*supra*) and *People v Toxey* (220 AD2d 204, 205 [1995], *lv denied* 88 NY2d 855 [1996]), argued that defendant was not entitled to a hearing on his motion to suppress because he simply stated that he was conducting himself in a lawful manner. Notably, the People urged, defendant did not dispute the facts set forth in the complaint (which is not included in the record on appeal), the VDF and/or the indictment, all of which information was "susceptible to denials that would have identified any issues warranting a hearing" (quoting *Toxey* at 205 and citing *Mendoza* at 428), and further argued that defendant's failure to deny the facts that establish probable cause "may be deemed a concession."

The People's position here would force a defendant charged with a robbery, rape or murder occurring at a time prior to his arrest to address all of the complex trial issues before he could get a pretrial hearing on the legal issue of probable cause. Contrary to the majority's holding, neither the buy-and-bust context nor the discussions in *Mendoza* (*supra*) and *Jones* (*supra*) compel denial of defendant's motion without a hearing. As noted by the Court in the latter case, in *People v Martinez*, one of the companion cases decided in *Mendoza*, the Court "clearly contemplated instances where a defendant could challenge an arrest and subsequent search independent from a general denial of criminal culpability" (*Jones*, 95 NY2d at 726). As further noted by the Court, deficiencies in the description furnished to an arresting officer may provide the basis for suppression (*id.* at 727).

Here, there is nothing in the record to indicate the basis for

defendant's arrest, e.g.: Was defendant arrested after the police observed him committing one of the robberies? Was he arrested because he fit a description given to the police by one or more of the victims? Or, was defendant arrested after one of the victims pointed him out to the police as one of the robbers? Absent such information, how could defendant possibly raise a material issue of fact as to the probable cause for his arrest? Under *People v Reynolds* (71 NY2d 552 [1988]), "it is incumbent upon the pleader, *where possible,* to provide objective facts from which the court can make independent factual determinations" (*Mendoza,* 82 NY2d at 427 [emphasis added]).

Unlike *People v Martinez* (82 NY2d at 430), where the defendant's averment of acting in a "lawful manner" was nonspecific as to when he was purportedly acting lawfully, here, defendant clearly states that he was acting lawfully *at the time of his arrest.* In *People v Coleman,* another companion case to *Mendoza,* the Court rejected defendant's claim that he discarded a gun as a result of illegal police pursuit because he never alleged in his motion papers that he was pursued by the police (82 NY2d at 432). Defendant, as previously noted, fixed his innocent behavior *"immediately* prior to and at the time of the unlawful police approach, intrusion, *chase* and seizure of Mr. Lopez" (emphasis added). In *Coleman,* the Court, while rejecting defendant's arguments regarding the discarded gun, noted that "[h]ad suppression of the money [found on his person] been at issue it would be a closer question because the People never asserted the basis for the search; consequently, to place in issue the legality of that police conduct defendant could do little more than assert that he was on the street doing nothing wrong" (*id.* at 432-433). That is exactly the situation here and another "instance where defendant's lack of access to information precluded more specific factual allegations" (*People v Mendoza,* 82 NY2d at 433).

Thus, applying the appropriate standard, that factual sufficiency should be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information (*Mendoza, supra* at 422), defendant's *Dunaway/Mapp* motion should not have been denied without a hearing. Moreover, as noted by the Court in *Mendoza* (at 429-430), CPL 710.60 (3) does not mandate summary denial of defendant's motion even if the factual allegations are deficient, and the court may deem it appropriate in the exercise of discretion to consider the suppression motion despite a perceived pleading deficiency. Aside from the issue of judicial economy the Court highlighted, a hearing on probable cause to arrest for a crime committed in

the present context would be particularly appropriate without compelling defendant to assume the burden of defending against the ultimate issues in the case. At trial, a defendant does not have to prove his innocence, and that, in essence, is what is being required to obtain a hearing here. The court in this case should have exercised its discretion and granted defendant a pretrial hearing on his suppression motion.