■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ED HOUSTON, Appellant. [848 NYS2d 656]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J., on motion; William A. Wetzel, J., at plea and sentence), rendered October 23, 2006, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of 3½ years, unanimously affirmed.

The court properly denied defendant's motion to suppress

identification testimony, without granting a hearing. Defendant did not preserve his argument that the People failed to provide the motion court with enough information upon which to conclude that the viewing of defendant in this observation sale case was a confirmatory identification for which no *Wade* hearing was required (*see People v Wharton*, 74 NY2d 921 [1989]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court had sufficient information upon which to make that determination (*see People v Davis*, 289 AD2d 134 [2001], *lv denied* 97 NY2d 753 [2002]). As part of a planned operation, the officer deliberately observed defendant and made a prompt identification that fell within the *Wharton* exception to the requirement of a *Wade* hearing (*compare People v Boyer*, 6 NY3d 427 [2006]). Concur—Lippman, P.J., Mazzarelli, Gonzalez, Sweeny and McGuire, JJ.