■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CARTWRIGHT, Appellant. [885 NYS2d 414]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered November 21, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's suppression motion without a hearing, since his motion papers did not raise an issue of fact as to probable cause for his arrest (*see People v Mendoza*, 82 NY2d 415 [1993]). Defendant's assertion that he was "committing no visible crime" at the time of his confrontation with police did not controvert the specific information that was provided by the People concerning the basis for the arrest. In discovery materials that included a bill of particulars, the People set forth a detailed account of the chain of events leading up to defendant's arrest, including both a complaint by a civilian informant and observations made by the police. Defendant did not address these allegations, assert any basis for suppression, or raise a factual dispute requiring a hearing (*see People v Jones*, 95 NY2d 721, 728-729 [2001]).

The court properly admitted testimony regarding the contents of a 911 call, accompanied by thorough limiting instructions. The evidence was not received for its truth, but for the legitimate nonhearsay purpose of completing the narrative, explaining police conduct, and "prevent[ing] undue speculation and unfair inferences by the jury." (*People v Barnes*, 57 AD3d 289, 290 [2008], *lv denied* 12 NY3d 781 [2009].) Defendant's remaining challenges to this evidence, including his Confrontation Clause claim, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.