■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GANTT, Appellant. [909 NYS2d 355]—Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 26, 2009, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of three years, unanimously affirmed.

The court properly denied defendant's *Mapp/Dunaway* motion without a hearing since the allegations in his motion papers, when considered in light of the criminal court complaint and the voluntary disclosure form, failed to raise a factual dispute requiring a hearing (CPL 710.60 [1], [3]). Defendant neither denied the drug sale that was the predicate for his arrest, nor asserted any other basis for suppression (*see People v Jones*, 95 NY2d 721 [2001]; *People v Mendoza*, 82 NY2d 415 [1993]). We reject defendant's argument that he "implicitly" denied the sale. Even when read most favorably to defendant, his papers could be viewed, at most, as implicitly disputing the location of his arrest.

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.