THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM MILLER, Appellant. [938 NYS2d 88]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports a reasonable inference that defendant intended to sell the drugs he possessed (see e.g. *People v Daley*, 281 AD2d 244 [2001], *lv denied* 96 NY2d 827 [2001]). In addition to 17 individual packages of cocaine, defendant possessed $639 in cash, including a large number of $1 bills.

The motion court properly denied defendant's suppression motion without granting a hearing. At defendant's arraignment, the court read into the record a case summary in which the People provided a detailed account of the events leading to defendant's arrest. Defendant's initial and supplemental motions failed to address the People's allegations that defendant engaged in specific conduct that justified the police actions. Accordingly, there was no factual dispute requiring a hearing (see

*People v Burton*, 6 NY3d 584, 589-590 [2006]; *People v Jones*, 95 NY2d 721, 729 [2001]).

The court properly exercised its discretion in denying defendant's application to preclude physical evidence on the ground of late disclosure (*see People v Kelly*, 62 NY2d 516 [1984]). Defendant did not establish that he was prejudiced by the People's eve-of-trial disclosure of a voucher form relating to the $639 in cash recovered from defendant. The record establishes that, from the inception of the case, defense counsel anticipated that the People intended to introduce money recovered from defendant. There is no reason to believe that defendant was either surprised or in any way prejudiced by the late disclosure of the precise amount or denominations of the money. Concur—Tom, J.P., Andrias, Catterson, Richter and Abdus-Salaam, JJ.