■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN PACQUETTE, Appellant. [975 NYS2d 669]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered June 11, 2008, as amended March 6, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of five years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Moreover, the evidence was overwhelming. There is no basis for disturbing the jury's determinations concerning credibility and identification. Among other things, the evidence included the recovery of prerecorded buy money from defendant, notwithstanding defendant's implausible explanation for that fact.

The court properly determined that an identification made by an officer other than the purchasing undercover officer was confirmatory and thus did not require CPL 710.30 (1) (b) notice (*see People v Wharton*, 74 NY2d 921 [1989]). The requirements of a police confirmatory identification were met, in that the officer at issue carefully observed defendant at close range throughout the drug transaction and made a prompt identification as part of a planned procedure (*see People v Houston*, 47 AD3d 424 [1st Dept 2008], *lv denied* 10 NY3d 841 [2008]; *compare People v Boyer*, 6 NY3d 427 [2006]). The officer also transmitted a detailed and accurate description of defendant. In any event, any error was harmless because this officer's identification of defendant was cumulative to that of the undercover officer, and it added little to the People's otherwise overwhelming case (*see People v Crimmins*, 36 NY2d 230 [1975]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ.