■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BARTLETT, Appellant. [41 NYS3d 210]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J., at suppression hearing; Edward J. McLaughlin, J., at jury trial and sentencing), rendered February 19, 2014, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second

felony offender, to an aggregate term of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the third-degree possession conviction to a term of 4 years, with 2 years' postrelease supervision, and otherwise affirmed.

The hearing court properly denied defendant's suppression motion. As the police followed defendant's car toward a location known for drug activity, the car moved from the travel lane to the parking lane without signaling and stopped in front of a fire hydrant. At a minimum, these facts gave the police the requisite objective, credible reason to approach defendant's stopped car, which led to the discovery of drugs (*see e.g. People v Ruiz*, 100 AD3d 451 [1st Dept 2012], *lv denied* 20 NY3d 1065 [2013]).

Defendant's legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant's possession of 17 bags of drugs, as well as $1,360 in cash, supported the inference of intent to sell (*see People v Miller*, 92 AD3d 520, 520 [1st Dept 2012], *lv denied* 18 NY3d 996 [2012]). There is no basis for disturbing the jury's credibility determinations, including its rejection of the testimony of a defense witness.

The court did not err in informing the jury, in the middle of their first day of deliberations, that deliberations would have to end the next day (a Friday) a few hours early, and, if necessary, resume on Monday. This innocuous scheduling announcement was informative and not coercive, as evidenced by the fact that the jury deliberated for roughly a full day after this announcement before rendering its verdict (*see People v Glover*, 165 AD2d 761, 763 [1st Dept 1990], *lv denied* 77 NY2d 877 [1991]). Defendant has not shown how informing the jurors that the Friday session would end a few hours early was any more coercive than the jurors' general awareness that if they did not reach a verdict by the end of a session they would be expected to return on the next working day.

We find the sentence excessive to the extent indicated. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels, Gische and Webber, JJ.