People v Fleming (2022 NY Slip Op 00360)





People v Fleming


2022 NY Slip Op 00360


Decided on January 20, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 20, 2022

Before: Kapnick, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 


Ind. No. 5220/14 Appeal No. 15117 Case No. 2018-5741 

[*1]The People of the State of New York, Respondent,
v
Gregory Fleming, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (A. Alexander Donn of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Charles H. Solomon, J. at motions; Eduardo PadrÓ, J. at plea; Patricia M. NuÑez, J. at sentencing), rendered August 23, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, held in abeyance, and the matter remanded for a Mapp/Dunaway hearing.
In this buy and bust case, the factual allegations in defendant's suppression motion were sufficient to entitle him to a hearing on whether the arresting officer had probable cause to arrest him. Accordingly, we hold the appeal in abeyance pending the outcome of a Mapp /Dunaway hearing.
To obtain a hearing in this context, defendant was "required to raise a factual challenge to the legality of the arrest and seizure in either of two ways. A defendant must either deny participating in the transaction or suggest some other grounds for suppression" (People v Jones , 95 NY2d 721, 726 [2001][emphasis and internal quotation marks omitted]). In this case, defendant's allegations did not contradict the People's allegations regarding the facts of the drug transaction itself. However, defendant did "allude[] in his suppression motion to facts pertinent to whether probable cause otherwise existed for his arrest" (id . at 727). Specifically, defendant's motion challenged the constitutional adequacy of "any transmitted description on which the seizing officers relied in detaining and arresting the defendant."
Defendant's access to information was limited, because, as in Jones , the People in this case did not disclose "by either voluntary discovery or otherwise, . . . the description radioed by the purchasing officer to the arresting officer" (95 NY2d at 728). Indeed, in this case, the People did not even specifically aver that such a communication occurred. Because a defendant cannot be expected "to allege facts about which he had no knowledge" (id . at 729), the absence of factual allegations regarding the content of a transmission from the undercover to the arresting officer did not render defendant's motion deficient.
However, as the Court of Appeals held in Jones , it was still incumbent on defendant "to supply the motion court with any relevant facts he did possess for the court's consideration on the suppression motion once the People disclosed the communicated description" (id. ). The Jones court found that the defendant in that case failed to meet this burden because, although he was able to do so, he did not "provide a description of his own appearance at the time of the arrest" and did not allege facts "as to the presence and general description of such other persons in the vicinity at the time of the arrest" (id. ). These facts were within the Jones defendant's knowledge, and, once the communication to the arresting officer was disclosed, would have been directly relevant to the defendant's assertions that the description "either (1) did not fit [*2]defendant's own physical description or (2) failed to exclude other possible persons present at the scene and time of the arrest who also might have fit an overly generalized description" (id. at 727). Because the defendant in Jones did not make these relevant factual allegations, which he had the capacity to make, the Court found that the defendant's allegations were inadequate to warrant a hearing under CPL 710.60. The Court explained that "[r]equiring a defendant under these circumstances to include in the initial motion papers allegations of those pertinent facts to which he or she has access comports with the statutory framework placing the burden on a defendant in a suppression motion to set forth factual averments which, if established, would justify suppression" (id. at 729).
In the instant case, defendant made allegations of facts within his knowledge that were responsive to the deficiencies the Court of Appeals identified in Jones, and that were pertinent to defendant's argument that probable cause to arrest him was lacking. In particular, defendant described his own appearance at the time of arrest to the extent of stating that he was a 44-year-old black man, and that there was nothing "particularly distinctive about his appearance" that would tend to "preclude the possibility of misidentification." This description allowed for a comparison between defendant's self-description and the transmitted description, once that description was disclosed. Similarly, defendant's allegation that he was not the only black man in the area at the time he was arrested was relevant to his claim that the description communicated to the
arresting officer was too general to establish probable cause for the arrest. These allegations satisfied the requirement that a defendant "submit some factual averments" relevant to the "grounds upon which he challenged probable cause to arrest him" (Jones , 95 NY2d at 729).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 20, 2022