People v Smith (2023 NY Slip Op 00273)

People v Smith

2023 NY Slip Op 00273

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Ind. No. 4234N/16 Appeal No. 17158 Case No. 2018-566 

[*1]The People of the State of New York, Respondent,
v
Zaki Smith, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 15, 2017, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.
The record does not establish a valid waiver of defendant's right to appeal. The court did not adequately explain the right to appeal, make clear that this right is separate from the rights automatically forfeited upon pleading guilty, or confirm that the written waiver had been discussed with or understood by defendant.
Nevertheless, the court properly summarily denied defendant's motion seeking to suppress drugs and other items recovered from his person as the fruits of an allegedly unlawful arrest. Defendant was not entitled to a hearing based on his conclusory assertions that he was seized and searched in violation of his constitutional rights and that he was arrested without probable cause (see People v Jones, 95 NY2d 721, 726-728 [2001]; People v Mendoza, 82 NY2d 415, 422 [1993]). Defendant did not address any of the detailed factual allegations in the felony complaint, which stated that he participated in a drug sale to an undercover officer, and established probable cause for his arrest (see People v Scott, 172 AD3d 543, 544 [1st Dept 2019], lv denied 34 NY3d 954 [2019]). Defendant was sufficiently on notice that he had been arrested immediately after an undercover sale, which would have required a communication between the undercover and arresting officers. However, in his motion defendant did not raise any issues regarding such communication, including the sufficiency and timing of any description communicated to the arresting officer by the undercover officer (compare People v Fleming, 201 AD3d 552 [1st Dept 2022], lv dismissed 38 NY3d 1007 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023