People v Vargas (2023 NY Slip Op 01752)

People v Vargas

2023 NY Slip Op 01752

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Ind. No. 1066/17 Appeal No. 17597 Case No. 2019-3152 

[*1]The People of the State of New York, Respondent,
v
Luis Vargas, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J. at motions; Kevin B. McGrath, Jr., J. at plea and sentencing), rendered February 20, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to three years' probation, unanimously affirmed.
The motion court's summary denial of defendant's motion to suppress physical evidence was correct (see People v Jones, 95 NY2d 721, 726 [2001]; People v Mendoza,82 NY2d 415, 426-429 [1993]). Defendant had sufficient information from the complaint and the VDF to contest the basis of his arrest but failed to do so. In his factual averments in the motion, defendant merely stated that he had not engaged in any observable unlawful behavior when a police officer approached him or in the period before he was arrested; he did not specifically deny participating in the drug sale or address allegations in the felony complaint that he and the undercover officer had arranged the sale on the phone beforehand (see People v Smith, 212 AD3d 534 [1st Dept 2023]). Regardless of any ambiguities in the People's paperwork about how brief was the interval between the undercover sale and the arrest, defendant was on notice that his unlawful conduct began with the phone call and proceeded to the actual transaction. While defendant also challenged the sufficiency of the description upon which he claimed to have been arrested, he did so only in general and conclusory terms, without providing the type of details called for in Jones (95 NY2d at 729; compare People v Fleming, 201 AD3d 552 [1st Dept 2022], lv dismissed 38 NY3d 1007 [2022]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023