People v Njie (2023 NY Slip Op 05373)

People v Njie

2023 NY Slip Op 05373

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Higgitt, Rosado, JJ. 

Ind No. 1319/17 Appeal No. 869 Case No. 2019-3445 

[*1]The People of the State of New York, Respondent,
v
Lamin Njie, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J., at omnibus motion; Kevin McGrath, J., at plea and sentencing), rendered February 23, 2018, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 364 days, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claims. The court's colloquy satisfied the requirements of a valid waiver (see People v Thomas, 34 NY3d 545, 559-560 [2019]). The court adequately explained defendant's rights without conflating them with those automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant argues that the waiver was invalid because the court's explanation came after he stated that he was guilty. However, the minutes show that his appellate waiver was discussed at the beginning of the plea proceeding, and defendant had time to confer with counsel in the presence of the interpreter before agreeing to waive his appellate rights.
Regardless of whether defendant made a valid appeal waiver, we find that the court properly summarily denied defendant's motion to suppress the physical evidence recovered from his person. Defendant was not entitled to a hearing based on his conclusory assertions that he was not engaged in unlawful behavior around the time of his arrest, and that he was seized and searched in violation of his constitutional rights (see People v Jones, 95 NY2d 721, 726 [2001]; People v Mendoza, 82 NY2d 415, 422 [1993]). Defendant did not address the detailed factual allegations in the complaint that he participated in a face-to-face drug sale with an undercover officer, which established probable cause for his arrest (see People v Vargas, 214 AD3d 609 [1st Dept 2023]).
Defendant failed to preserve his argument that the record was insufficient to establish that the post-arrest identification was confirmatory, and we decline to review it in the interest of justice (see CPL 470.05[2]; People v Houston, 47 AD3d 424, 424-425 [1st Dept 2008], lv denied 10 NY3d 841 [2008]). As an alternative holding, we conclude that the record supports the court's finding that the undercover officer's identification was confirmatory under the principles set forth in People v Wharton (74 NY2d 921, 923 [1989]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023